IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RITA MARIE WEBSTER, BY AND THROUGH HER
SON AND NEXT FRIEND, MARCUS WEBSTER,
ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES AND AS ADMINISTRATOR OF
THE ESTATE OF RITA MARIE WEBSTER, DECEASED            PLAINTIFF

VS.                          CIVIL ACTION NO. 5:07-cv-101(DCB)(JMR)

NATIONAL HERITAGE REALTY, INC., D/B/A
YAZOO CITY HEALTH AND REHABILITATION
CENTER; MARINER HEALTH CARE, INC.,
F/K/A MARINER POST ACUTE NETWORK;
MARINER HEALTH GROUP, INC.; MARINER
HEALTH CARE MANAGEMENT COMPANY, ET AL.                DEFENDANTS

ORDER

This cause is before the Court on the defendants' motion *in limine* to exclude certain opinions of the plaintiff's expert, Luanne Trahant, R.N. **(docket entry 72)**, and on the plaintiff's motion to strike or deny the defendants' motion as untimely **(docket entry 79**). Having carefully considered the motions and responses, the memoranda of the parties and the applicable law, and being otherwise fully advised in the premises, the Court finds as follows:

This is a nursing home negligence case. Rita Marie Webster was a resident of the Yazoo Health and Rehabilitation Center from February 1, 2005, until her death on April 15, 2006. The plaintiff alleges that due to the defendants' negligence, Webster suffered from, *inter alia*, decubitus ulcers (pressure sores), infection,

dehydration and malnutrition. Complaint, p. 11. The plaintiff offers Registered Nurse Luanne Trahant as an expert qualified to testify as to the standard of care, breach thereof, and causation.

In their motion, the defendants move to exclude "[s]ome of the opinions of the plaintiff's nursing expert, Luanne Trahant, R.N., ... because she is not qualified to offer an opinion on the element of proximate cause." Def.'s Motion, p. 2. The defendants assert that "[i]f Ms. Trahant were to offer an opinion on medical causation, she would be making a medical diagnosis, which is outside the scope of the practice of nursing." Def.'s Motion, p. 2. Further, the defendants contend that only a medical doctor can testify as to causation. Def.'s Motion, p. 2.

The plaintiff responds first that the defendants' motion is untimely. Both Rule 7.2(B)(4) of the Uniform Rules and this Court's July 9, 2007, case management order require motions in limine to be filed at least ten days prior to the scheduled pretrial conference. On January 6, 2009, the Court entered an Order setting the pretrial conference for February 12, 2009. The defendants filed their motion on February 5, only seven days before the pretrial conference. Pursuant to Rule 7.2(K), "any motion served beyond the motion deadline imposed in the Case Management Order entered pursuant to Rule 16.1(B)(9) may be denied solely because the motion is served untimely."

The Court finds that the plaintiff's motion is well taken.

2

See Brawhaw v. Mariner Health Care, Inc., 2008 WL 2906620 (N.D. Miss. 2008), in which Judge Pepper denied a motion in limine similar to the defendants' motion in this case as untimely.  The Court finds additional grounds for denying the defendants' motion.  In Estate of Wilson v. Mariner Health Care, Inc., 2008 WL 5255819 (N.D. Miss. 2008), Judge Mills noted that exclusionary motions in limine "should be 'narrowly tailored to address issues which will likely arise at trial and which require a pre-ruling due to their complexity and/or the possibility of prejudice if raised in a contemporaneous objection.'"  Id. at *1, quoting Bruno v. RIH, No. 2:06cv163 (N.D. Miss. 2008).

In Johnson v. Mariner Health Care, Inc., 2008 WL 2037747 (S.D. Miss. 2008), this Court noted:

> The recent case of Barton v. United States, 2008 WL 872304 (S.D. Miss. March 27, 2008), decided shortly after briefing was completed on the defendants' motion, suggests that [the plaintiff's nurse expert] might be allowed to give an opinion on causation, specifically "that nursing failures could cause the decubitus in question." Id. at *3.  The answer to this question depends on at least two factors. First is an assessment of the qualifications of the expert, in light of the specific facts of the case.  Second is the distinction between a medical diagnosis, which a nurse is not allowed to make (Miss. Code Ann. § 73-15-5(2)), and a nursing diagnosis, which a nurse is allowed to make (Miss. Code Ann. § 73-15-5(2)).  See also Harris v. Holly Springs Health & Rehabilitation Center, 2005 WL 2347279 *2 (N.D. Miss. Sept. 26, 2005)(noting that plaintiff would be offering nurse expert's "testimony regarding both the standard of care provided to [patient], as well as, the causal connection between the bedsores and the amputation of [patient's] right leg," and reserving specific objections to nurse as an expert for trial).

Id. at *1.

As in Johnson, the Court does not have the proffered testimony of the nurse expert before it at this time.  Therefore, even if the defendants' motion were not untimely, it would be denied on the basis of its speculative nature.  Although the defendants' motion in limine is denied, the defendants may of course make proper objections to the witness's testimony at trial.  Accordingly,

IT IS HEREBY ORDERED that the plaintiff's motion to strike or deny the defendants' motion as untimely **(docket entry 79)** is GRANTED, and the defendants' motion in limine to exclude certain opinions of the plaintiff's expert, Luanne Trahant, R.N. **(docket entry 72)** is DENIED.

SO ORDERED, this the 26th day of February, 2009.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE