IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   WESTERN DIVISION


RITA MARIE WEBSTER, BY AND THROUGH HER
SON AND NEXT FRIEND, MARCUS WEBSTER,
ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES AND AS ADMINISTRATOR OF
THE ESTATE OF RITA MARIE WEBSTER, DECEASED           PLAINTIFF

VS.                         CIVIL ACTION NO. 5:07-cv-101(DCB)(JMR)

NATIONAL HERITAGE REALTY, INC., D/B/A
YAZOO CITY HEALTH AND REHABILITATION
CENTER; MARINER HEALTH CARE, INC.,
F/K/A MARINER POST ACUTE NETWORK;
MARINER HEALTH GROUP, INC.; MARINER
HEALTH CARE MANAGEMENT COMPANY, ET AL.               DEFENDANTS


                            ORDER

    This cause is before the Court on the defendants' motion in limine to exclude the death certificate of Rita Marie Webster at trial, and to exclude certain opinions of the plaintiff's expert, Dr. Keith Miller **(docket entry 73)**, and on the plaintiff's motion to strike or deny the defendants' motion as untimely **(docket entry 77)**. Having carefully considered the motions and responses, the memoranda of the parties and the applicable law, and being otherwise fully advised in the premises, the Court finds as follows:

    This is a nursing home negligence case. Rita Marie Webster was a resident of the Yazoo Health and Rehabilitation Center from February 1, 2005, until her death on April 15, 2006. The plaintiff alleges that due to the defendants' negligence, Webster suffered

from, inter alia, decubitus ulcers (pressure sores), infection, dehydration and malnutrition. Complaint, p. 11. The plaintiff plans to offer Mrs. Webster's death certificate in evidence, and offers Dr. Keith Miller as an expert qualified to testify as to, inter alia, the cause of death.

In their motion, the defendants move to exclude the death certificate because it is "neither signed nor ratified by a medical doctor." Def.'s Motion, p. 2. The defendants also move to exclude the testimony of Dr. Miller concerning cause of death because he "admitted there was nothing on which to base his opinion other than the death certificate." Def.'s Motion, p. 2.

The plaintiff responds first that the defendants' motion is untimely. Both Rule 7.2(B)(4) of the Uniform Rules and this Court's July 9, 2007, case management order require motions in limine to be filed at least ten days prior to the scheduled pretrial conference. On January 6, 2009, the Court entered an Order setting the pretrial conference for February 12, 2009. The defendants filed their motion on February 5, only seven days before the pretrial conference. Pursuant to Rule 7.2(K), "any motion served beyond the motion deadline imposed in the Case Management Order entered pursuant to Rule 16.1(B)(9) may be denied solely because the motion is served untimely." The Court finds that the plaintiff's motion is well taken. See Brawhaw v. Mariner Health Care, Inc., 2008 WL 2906620 (N.D. Miss. 2008), in which Judge

2

Pepper denied a motion in limine similar to the defendants' motion in this case as untimely.

The Court finds additional grounds for denying the defendants' motion. Coroner's Reports are routinely admissible under the public record exception to the hearsay rule. See Miss.R.Evi. 803(8); Fed.R.Evi. 803(8); Jones v. State, 918 So.2d 1220, 1231 (Miss. 2005). However, they may be excluded upon a showing of lack of trustworthiness. Id. Mississippi Code Annotated § 41-61-57(2) states that the medical examiner's certificate of death shall include, among other things, the cause of death. Id. The fact that the coroner is not a medical doctor is not alone sufficient to demonstrate untrustworthiness. The issue of trustworthiness must be more fully developed at trial.

As for Dr. Miller's testimony, the plaintiff submits the deposition of Dr. Miller which states that in forming his opinion concerning the cause of death, he reviewed "The Yazoo City Health and Rehabilitation Center records, Kings Daughter's Hospital Yazoo City records, Mississippi Baptist Hospital Jackson records, Dr. Burnett's records, Vicksburg Wound Clinic records, and the death certificate." Pl.'s Mem., p. 6. Further, the plaintiff argues that Dr. Miller did not rely on the death certificate in forming his opinion but simply agreed with the coroner's finding of cause of death. Pl. Mem., pp. 4-6. Although the defendants' motion in limine is denied, the defendants may of course make proper

3

objections to the plaintiff's evidence at trial.  Accordingly,

IT IS HEREBY ORDERED that the plaintiff's motion to strike or deny the defendants' motion as untimely **(docket entry 77**) is GRANTED, and the defendants' motion in limine to exclude the death certificate of Rita Marie Webster at trial, and to exclude certain opinions of the plaintiff's expert, Dr. Keith Miller **(docket entry 73)** is DENIED.

SO ORDERED, this the 26th day of February, 2009.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE

4